[SEPTEMBER TERM, 1797.]

## The State *against* Covenhoven.

### ON CERTIORARI.

To an inquisition of forcible entry and detainer, the defendant, protesting the insufficiency of the charge, and that the prosecutor had not been at any time within three years before inquisition, found in possession of the premises, pleaded—1. As to the force and arms, *not guilty*. 2. That those under whom he held had been in possession for eight years next before, &c., *without this*, that defendant, on the day and year alleged, entered, disseized, &c. *Held* this plea is bad on demurrer.

Defendant may avail himself, in his defence, of his three years' possession, and may put in issue the forcible entry, &c., but one should be pleaded under a *protestando*, otherwise the plea will be bad for duplicity.

Possession is not a plea in bar to the inquisition, but it is a good plea to prevent restitution.

The right to restitution is a civil right, and when a plea is pleaded in bar of the restitution, the prosecutor may reply in his own name.

Plea, that those under whom defendant holds have been in possession three years next before, &c, bad.

Plea of possession for eight years before, &c. is bad; it puts in issue an immaterial fact.

Whether a defective plea to an inquisition of forcible entry and detainer may be amended? *Query.*

This was an inquisition of forcible entry and detainer, found before Justice Combs, of Middlesex county.

The inquisition charged, that Samuel Vantine was lawfully and peaceably seized and in possession of the premises, in the township of South Brunswick, in the county of Middlesex, and his seizin and possession continued until April 1, 1793, when William Covenhoven, with strong hand, &c., entered, expelled, disseized and keeps out, &c.

The defendant comes in his own proper person, and defends, &c., *protesting*, that the inquisition is insufficient,

and *protesting,* that neither the said Samuel Vantine, nor any under him, has been in possession of the premises at any time within three years next before, &c., nevertheless pleads—1. As to the *coming* with force and arms, &c., *not guilty.* 2. As to the residue of the entry, that from —— till —— (being a period of eight years) those under whom defendant claims, had been in quiet possession and seizin of the premises; *without this,* that the said William Covenhoven, at the time charged, did enter with force and arms, and disseize and expel, &c., and this he is ready to verify; wherefore he prays judgment, &c.

To this plea the state demurred specially, and assigned for causes of demurrer, that it was insufficient, double, insensible, and argumentative, and that the traverse was immaterial, and that no proper issue could thereon be taken.

The defendant joined in demurrer.

The cause was argued in May term, 1797.

*R. Stockton,* in support of the demurrer. In general it may be stated, that the only pleas which go to the merits in this species of proceeding are, *not guilty,* and three years' possession. An inquisition of forcible entry and detainer is, in effect, an indictment, and consequently the law of special pleading does not apply. Every circumstance which amounts to a justification, or to a complete bar, may be given in evidence under the general issue, except the three years' possession; the reason of which is, that the three years' possession is contained in a proviso of the statute. 13 *Vin. Abr.* 386, *pl.* 6, states the general rule as to pleading provisos.

For the same reason, this being in the nature of an indictment, the statute of Anne, authorizing double pleading, is not applicable. The defendant, therefore, cannot join the plea of *not guilty,* and three years' possession. This privilege is considered as not applying to any action on a penal statute; (*Barnes* 15, 365) nor to *qui tam* actions; (2 *Wils..*

21) nor to suits where the king is a party. *Barnes* 353, *Wils.* 533; 4 *Bac. Ab.* 449. If double pleading is allowed, leave of the court must appear on the record, or it is bad.

With regard, however, to the particular defects in this plea, it is bad, both in substance and in form; whether considered as a plea of the general issue, or three years' possession, or both.

1. It is bad if considered as the general issue, because it contains no answer to the inquisition. It denies only the coming with force and arms, and is wholly silent with regard to the entry and disseizin. The plea of *not guilty*, must go to the whole force. 2 *Lill.* 439, 441. The plea must be an answer to the plaintiff's allegations, and be capable of trial. 3 *Bl. Com.* 308. Nor does the traverse at the end of the plea help this defect; for such a traverse concluding with a verification is a departure from the general issue, and is only used in a special plea.

2. As a plea of three years' possession, it is defective both in form and substance.

1. The plea should have contained a simple and single affirmation, that the defendant had been in possession three years next before inquisition found, on which an issue might have been taken. In this manner the whole controversy would have been reduced to a single point, and all the rest of the case admitted. This plea, however, is an attempt to plead double, and to take advantage of both defences. It is not a single plea of possession, but it traverses the forcible entry. In every case the plea ought to be single, and duplicity is a good cause of demurrer. 3 *Bl. Com.* 308; 2 *Swift's Sys.* 224. More especially ought an adherence to this rule to be required, when the defendant endeavors to avail himself of two distinct grounds of defence, one of which amounts to the general issue, and goes in bar of the whole prosecution; the other is allowed by the statute to be pleaded in bar of restitution only. 1 *Hawk. P. C.* 277–8.

In what manner can the state reply to this plea. There are obviously two issues tendered, one on the forcible entry,

the other on the possession. The replication, therefore, must answer these two facts, or it will not go to the whole plea.

2. The plea is defective in this respect also, that it alleges the possession to have been in those under whom defendant claims. This is no plea to the action or in bar of restitution. The statute 31 *Eliz. c.* 11, explaining and enforcing the proviso in the statute of 8 *Hen. VI. c.* 9, confines this defence to the person indicted, who has himself had the occupation, or been in quiet possession " three whole years' together, next before the day of such indictment." *The King* v. *Burges, Sir T. Ray,* 84.

3. Another objection to the plea, considered in this point of view, is, that it is in fact a plea of eight years' possession, and not of three, within the words of the statute. This is a special defence allowed by statute, and it should be pleaded in the precise words employed by the legislature.

The statute does not prescribe the manner in which this saving is to be pleaded, but it should be so pleaded, that the state can take issue upon the fact, and have it tried rightly. It must be so pleaded as to be capable of trial. 3 *Bl. Com.* 308. What replication could the state put in to this plea? that the defendant was not in possession eight years, as alleged, which would be an immaterial issue, or that he was not in possession three years, which was not alleged in the plea. In *Blackmore* v. *Tidderly,* 2 *Ld. Ray.* 1099, which was an action of false imprisonment, the defendant pleaded not guilty *infra sex annos,* and upon demurrer the plea was held ill. The language of *Powell J.* is perfectly applicable to this case. " The plea at best is but argumentative, and such pleas are never good, especially where the matter that makes the bar is made such by an act of parliament, you ought to plead it in the words of the statute." 2 *Swift's Syst.* 222–3; *Bl. Com.* 395.

*Leake* and *Woodruff,* contra. The first objection to this plea, is, that it is double : this is one reason assigned in the

demurrer. The inquisition charges a forcible entry and detainer : the defendant pleads not guilty to the coming with force, &c., that is, not guilty of entering against the peace of the state. Then follows the allegation of a fact, which if true, entitled defendant to enter in a peaceable manner. The first, therefore, is not a distinct defence, but a part of an entire defence, of which the second was the residue. A double plea contains two or more answers to the whole charge ; this plea states two distinct parts, making one answer to the whole charge.

It is clear that the defendant may traverse the forcible entry, which is the foundation of the proceedings; and under the statute of Elizabeth, he may likewise plead three years' possession. Here is a charge embracing two distinct facts, a forcible entry, and a forcible detainer. 2 *Burns' Just.* 259. The second is covered by the justification under the statute, of necessity, therefore, the first must be traversed. Upon the principles contended for, the defendant could never avail himself of the three years' possession ; for this plea justifies the detainer only, and is no bar to the forcible entry.

It is said, that the first part of the plea does not deny the forcible entry, it only controverts the coming with force, &c. It is agreed, that if the entry with force was not denied, it is bad; but this is clearly done in the coming, &c. It merely excludes the detaining with force, which a man may lawfully do after three years' possession, (2 *Burns' Just.* 257) and the latter part of the plea brought the defendant's case within this justification.

It is further said, the traverse at the conclusion of the plea, does not help the defects of the general issue, that is, does not enlarge the denial. The issue ought to be taken on the traverse. The traverse goes expressly to the forcible entry, and issue should have been joined upon that fact, which would have brought the controversy to a single point.

With still less appearance of reason, it is contended, that the defendant should have alledged his own continued pos-

session for three years, and that he cannot justify under the possession of those from whom his title is derived. There is nothing in the statute which makes this defence a personal one, and it is contrary to reason and to common sense, that it should be so considered : it would expose tenants and laborers to many and serious inconveniences, and no possible good can result from such a construction of the law. The case in *Sir Thomas Raymond,* is extremely ambiguous, and never has been before considered as warranting such a doctrine. The judgment was not because the defendants justified under the possession of another, but because it was not pleaded, that they were in possession "three whole years next before inquisition found."

The objection founded upon the circumstance of the plea, alleging a possession of eight years, instead of one of three, is, however, the most extraordinary. It is, however, a mere quibble. The plea states a possession from ——— till the day of taking the inquisition, and if the term of eight years is erroneous, it may be rejected as surplusage, being contained under a *videlicet.* It is necessary for the defendant, in order to prevent restitution, that a three years' possession should appear upon the record ; but it is not requisite that the words *three years* should be inserted. The pleading a possession of eight years ought not to vitiate the plea, because more than the statute requires is stated. The argument employed in the case in *Raymond,* is inapplicable, because the action was good at common law, and the defendant was bound to bring himself within the statute ; here the proceeding is founded wholly upon the statute, and the same strictness is not requisite to bring the case within the saving clause. The only question upon this part of the case really is, whether the court can judicially take notice that a possession from ——— till the day of taking this inquisition, which actually includes a period of eight years, is a possession for three years ?

Again, the demurrer ought not only to have stated, in general terms, that the plea was double, argumentative, &c., but it should have stated positively where and how it was so. This has not been done, and these objections cannot now be urged. 5 *Bac. Abr.* 461.

*Stockton,* in reply.

*Curia vult advisare.*

KINSEY, C. J., delivered the opinion of the court. This inquisition appears to have been taken on the 26th of May, 1794, and charges, that Samuel Vantine was seized in fee and peaceably possessed of a messuage, and continued so seized until the 1st of April, 1793, when William Covenhoven, with a strong hand, &c. To this the defendant pleads, (as before stated) to which plea a special demurrer has been filed, stating, as causes of demurrer, that it contains no answer to the inquisition ; that it is double, insensible and argumentative ; that the traverse is immaterial ; and that no proper issue can be joined thereon. The defendant has joined in demurrer, and the question is, as to the goodness and sufficiency of the plea.

Before we come directly to the consideration of the principal question, it may be proper to remark, that the statutes against forcible entry, aggregately considered, have several objects in view ; to preserve the public peace, by preventing these private outrages, and to give a speedy remedy to the person whose individual rights have been violated, and in whose person the general peace had been infringed. There can be no doubt, therefore, we think, that the forcible entry may be denied, and the defendant may, at the same time, avail himself of his three years' quiet possession. The one puts in issue the fact denied, the other precludes the necessity for any investigation into it. Both defences may therefore be embraced within one plea, but it seems that one of

them, to prevent a charge of duplicity, should be done by way of *protestando,* as in the case of *Rex* v. *Edwards,* 1 *Tremaine's Pleas* 192.

Another observation may here be made, in answer to what was dropped by one of the counsel, on the argument. It was said, that on a special demurrer, no objection can be taken which is not particularly specified in the demurrer, and, therefore, that the prosecution is precluded from urging some of the objections which have been made. The observation, so far as it relates to formal defects, is correct, and warranted by the statute, but defects of substance may be taken advantage of at any time.

With regard to the principal question before us, much light may be obtained from the case before cited, of *Rex* v. *Edwards.* The inquisition was found the 15th of March, 1648, and charged, that " Robert Edwards and Catharine his wife, on the 10th of February, 1644, with force," &c. The defendants pleaded, by way of protestation, that they did not enter ; and then, to prevent restitution, that one William Rogers, on the 10th of August, 1632, being seized in fee, leased the premises to the defendant and his assigns for ninety-nine years if, &c., under which lease defendant entered on the same day, and was possessed thereof, for three years together next before the indictment found, &c. To this plea a replication is filed by the prosecutors, in their own names, who, by protestation, deny the seizin and lease, &c., and issue is joined on the possession of defendant.

Upon this case it may be observed, that possession is pleaded, not directly to the inquisition, but to bar restitution, and to this effect only is it available. In the case before the court, it is pleaded in bar of the action; it is held up as an answer to the indictment, to which, properly speaking, it is no plea.

Another thing is to be remarked in that case, which is, that the restriction seems a mere civil right, and the crown did not reply to the plea in bar of it. This belongs to the

party injured, who may make himself at once a party to the record, and file the replication in his own name. This confirms, if confirmation is necessary, the idea that it is no bar to the inquisition.

Two of the cases which have been cited in support of the demurrer, appear to me conclusive against the plea. In *The King* v. *Burgess,* the defendant pleaded that I. S. was tenant for life ; that he was in possession three years before the indictment found ; and that the defendants, as his servants, entered. On demurrer to this plea, it was held ill, because it was not alleged that the defendants were in possession for three years. (See *King* v. *Harris,* 1 *Salk.* 260 ; 4 *Com. Dig.* 212.)

In this case it is pleaded, that the Sneidekers, by their agents, one of whom the defendant is, had the possession for eight years, which may be true, though he had been in possession but a single hour, and this is pleaded in bar of the inquisition, and not merely to prevent restitution. We consider the case that has been cited as establishing the principle, that a servant cannot avail himself of the three years' possession of the master. The statute gives the person thus possessed, the right of availing himself of it, but gives it to no other person. We consider, therefore, that the fact alleged in this plea, of a possession in the Sneidekers, is altogether foreign to the issue between these parties, and perfectly immaterial on the present question.

Should there, however, exist any doubts upon this point, there is another objection to this plea, furnished by the case in *Lord Raymond,* which is decisive of the question; I allude to the plea of a possession for eight years, instead of three, which is pointed out by the statute. When the point was first broached, my mind had a different inclination; I thought, as it appears from the case referred to, that *Raymond* argued, and the court thought on the first argument, that the largeness of the plea, and the time, was for the benefit of the plaintiff, as appears in 6 *Mod.* 240. On con-

sideration, however, I have seen reason to alter my mind, as the court, in that case, appears to have done; and I agree with them, that such a plea holds up an immaterial issue, and that the prosecutor could not file a proper replication to it. As the court are reported (2 *Salk.* 423) to have said, in that case, if it be considered as at common law, there is no such plea; if on the statute, the act is not pursued, and the plaintiff could not take issue on it, for the issue is immaterial, the jury might find him not guilty *infra quatuor annos*, but guilty *infra sex annos*. Such a plea is, at best, but argumentative, and it is better that the plea of the statute should be precise and direct. 11 *Mod.* 38, *S. C.*

In the cases that have been cited from *Tremaine's Pleas* and *Sir Thomas Raymond,* the plea was, a possession of three years, though, in the first case, it is evident that the possession was, at least, six years. This is confirmatory of the opinion that has been stated.

This plea is therefore defective, yet I confess that I do not like to give more weight to exceptions of this nature than I am compelled to, and I felt a strong inclination to give liberty to amend it. But I do not recollect any case of this description in which this has been done, and I do not therefore feel myself authorized to order an amendment. Judgment must therefore be in favor of the demurrer.

Judgment for demurrant.